1   Administrative Claims (including Professional Fee Claims), and Disputed Claims in any such Class

2   or category has been deposited into the applicable Reserve; and (iii) Cash to pay all anticipated

3   costs of the OWNIT Liquidating Trust has been reserved.

4      Class 3 is Impaired, and the Holders of Claims in Class 3 are entitled to vote to

5   accept or reject the Plan.

6   **F. Classification and Treatment of Subordinated Allowed General Unsecured Claims**

7   **(Class 4).**

8      **Classification:** Class 4 consists of all Subordinated Allowed General Unsecured

9   Claims.

10      **Treatment:** On, or as soon thereafter as is practicable after, the Effective Date, each

11   Holder of a Subordinated Allowed General Unsecured Claim shall receive an allocated OWNIT

12   Subordinated Liquidating Trust Interest.  No Distributions shall be made to any holder of a

13   Subordinated Allowed General Unsecured Claim until *all Allowed General Unsecured Claims in*

14   *Class 3 are paid in full as set forth in Section IV.E of the Plan*.  Except to the extent that the

15   holder of any Subordinated Allowed General Unsecured Claim agrees to a different treatment, after

16   payment in full of all Allowed General Unsecured Claims as set forth in Section IV.E of the Plan,

17   the holder of a Subordinated Allowed General Unsecured Claim and OWNIT Subordinated

18   Liquidating Trust Interest shall receive on account of its Subordinated Allowed General Unsecured

19   Claim and OWNIT Subordinated Liquidating Trust Interest, in full and complete satisfaction,

20   discharge, exchange and release thereof, from the OWNIT Liquidating Trust, a *Pro Rata*

21   Distribution, if any, of the net remaining OWNIT Liquidating Trust Proceeds based upon the

22   amount of its Subordinated Allowed General Unsecured Claim.  The Liquidating Trustee shall

23   make Distributions, if any, to the holders of the OWNIT Subordinated Liquidating Trust Interests,

24   on account of their respective Subordinated Allowed General Unsecured Claims, from the net

25   OWNIT Liquidating Trust Proceeds in accordance with the provisions of the OWNIT Liquidating

26   Trust Agreement, and as provided for in this Plan, the Confirmation Order, and any applicable order

27   subordinating Claims to the Allowed Class 3 Claims such that they become Subordinated Allowed

28   General Unsecured Claims. Upon payment by the OWNIT Liquidating Trust of the amount due, if

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

any, to a holder of an OWNIT Subordinated Liquidating Trust Interest, such interest shall terminate and be of no further force and effect.

Subordinated Allowed General Unsecured Claims will not include Postpetition Interest nor include any Penalty on such Claim, except as provided in *any order subordinating Claims to the Allowed Class 3 Claims such that they become Subordinated Allowed General Unsecured Claims.*

Notwithstanding any other provision herein, no Cash payment shall be made on account of Subordinated Allowed General Unsecured Claims until (i) all Allowed Administrative Claims, Allowed Professional Fee Claims, U.S. Trustee Fees, Allowed Priority Tax Claims, Allowed Priority Non-Tax Claims, Allowed Secured Claims (subject to the election made pursuant to Section IV.C above), Allowed General Unsecured Claims (including Postpetition Interest and Penalty on such Claims to the extent provided for in any order subordinating Claims to the Allowed Class 3 Claims such that they become Subordinated Allowed General Unsecured Claims), and all Post Effective Date Plan Expenses have been paid in full (or a reserve established providing for such full payment); (ii) if applicable, Cash to pay all estimated Administrative Claims (including Professional Fee Claims), and Disputed Claims in any such Class or category has been deposited into the applicable Reserve; and (iii) Cash to pay all anticipated costs of the OWNIT Liquidating Trust has been reserved.

Class 4 is Impaired, and the holders of Subordinated Allowed General Unsecured Claims in Class 4 are entitled to vote to accept or reject the Plan.

G.    **Classification and Treatment of Interests (Class 5).**

**Classification**: Class 5 consists of all Interests.

**Treatment**: On the Effective Date of the Plan, the Interests will be cancelled. Each holder of an Allowed Interest shall receive, in exchange for and in full satisfaction of such Allowed Interest, Pro Rata Distributions of Cash, if any, from the Equity Pourover Account, based upon the amount of its Allowed Interest, pursuant to Section VI.H of the Plan.

Class 5 is Impaired, and the Holders of Allowed Interests in Class 5 are entitled to vote to accept or reject the Plan.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# V.
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Effective upon the Effective Date, the Debtor hereby rejects all executory contracts and unexpired leases that exist between the Debtor and any other Person which have not previously been rejected, except the Debtor does not reject those executory contracts and unexpired leases (a) which are listed in **Exhibit "1"** hereto and assumed on the Effective Date, or (b) which are or have been specifically assumed, or assumed and assigned, by the Debtors with the approval of the Court by separate proceeding in the Case.

All Allowed Claims arising from the rejection of executory contracts or unexpired leases, whether under the Plan or by separate proceeding, shall be treated as General Unsecured Claims in Class 3, unless subordinated, in which case such Allowed Claims shall be treated as Subordinated Allowed General Unsecured Claims in Class 4.

If the rejection of an executory contract or unexpired lease by the Debtor pursuant to the preceding Section V.A results in damages to the counterparty to such contract or lease, then a Claim for damages or any other amounts related in any way to such contract or lease shall be forever barred and shall not be enforceable against the Debtor, the Estate or their property, unless a proof of claim is filed with the Bankruptcy Court and served on the Liquidating Trustee within thirty (30) days after the Effective Date. The rejection claim bar date for leases and contracts rejected prior to the Effective Date, outside of the Plan, shall be, as applicable, (i) the date(s) set forth in the applicable order(s) rejecting such lease or contract or (ii) the Claims Bar Date.

# VI.
## PLAN IMPLEMENTATION

### A.    Implementing Actions In General; Conditions to Plan Effectiveness

On the Effective Date, the following shall occur in implementation of the Plan:

(i)    all actions, documents and agreements necessary to implement the Plan shall have been effected or executed;

(ii)    the Debtor shall have received all authorizations, consents, rulings, opinions or other documents that are determined by the Debtor, with the consent of the Committee, to be

65549-001\DOCS_LA:172057.4

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

necessary to implement the Plan;

   (iii) the Disbursing Agent shall make all Distributions required to be made on the Effective Date to holders of Allowed Claims pursuant to the Plan; and

   (iv) the Reserves shall be funded.

   The Plan will not be consummated or become binding unless and until the Effective Date occurs. The Effective Date will be the first Business Day, as determined by the Debtor in its reasonable discretion with the consent of the Committee, on which the following conditions have been satisfied:

   (1) At least ten (10) days have passed since the Confirmation Date;

   (2) The Confirmation Order is not stayed;

   (3) All documents, instruments and agreements, in form and substance reasonably satisfactory to the Debtor and Committee, provided for under or necessary to implement the Plan have been executed and delivered by the parties thereto, unless such execution or delivery has been waived by the parties benefited thereby;

   (4) The Debtor, with the consent of the Committee, has determined in its reasonable discretion that sufficient Cash and/or Reserves exist to satisfy all Administrative Claims, Professional Fee Claims, Priority Tax Claims, Priority Non-Tax Claims, and Secured Claims, which are Allowed Claims; and

   (5) The OWNIT Liquidating Trust Agreement is final and approved and the OWNIT Liquidating Trust is funded in accordance with the Plan.

   The Debtor, with the consent of the Committee, may in its reasonable discretion waive any of the conditions set forth above without notice and a hearing. Additionally, the Debtor's rights under the "mootness doctrine" shall be unaffected by any provision hereof. The failure to satisfy any condition may be asserted by the Debtor regardless of the circumstances giving rise to the failure of such condition to be satisfied (including, without limitation, any act, action, failure to act, or inaction by the Debtor). If the Debtor fails to assert the non-satisfaction of any such conditions, such failure shall not be deemed a waiver of any other rights thereunder.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

-27-

**B.    Corporate Action.**

Upon the Effective Date, all transactions and applicable matters provided for under the Plan shall be deemed to be authorized and approved by the Debtor without any requirement of further action by the Debtor, the Debtor's shareholders, or the Debtor's board of directors.

**C.    Vesting of Assets.**

Unless otherwise dealt with under the Plan, on the Effective Date, the OWNIT Trust Assets will vest in the OWNIT Liquidating Trust, including an assignment of all of the Causes of Action, free and clear of all claims, liens, encumbrances, charges and other interests, subject to the provisions of the Plan.  On and after the Effective Date, the transfer of the OWNIT Trust Assets from the Estate to the OWNIT Liquidating Trust shall be deemed final and irrevocable and distributions may be made from the OWNIT Liquidating Trust.  Distributions from the OWNIT Liquidating Trust shall be made in accordance with the terms of the OWNIT Liquidating Trust Agreement and the Plan.  In connection with the foregoing:

(i)    From and after the Effective Date, the Liquidating Trustee may administer the Estate pursuant to the terms of the Plan and may use, acquire and dispose of property free of any restrictions imposed under the Bankruptcy Code.

(ii)    The Confirmation Order shall provide the Liquidating Trustee with express authority to convey, transfer and assign any and all of the OWNIT Trust Assets and to take all actions necessary to effectuate same.

(iii)    As of the Effective Date, the OWNIT Trust Assets shall be free and clear of all liens, claims and interests of Holders of Claims and Interests, except as otherwise provided in this Plan.

**D.    Dissolution of the Debtor and Debtor's Wholly Owned Subsidiary and Termination of Current Officers, Sole Director, Employees and Counsel.**

From and after the Effective Date, the Debtor and Debtor's wholly owned subsidiary, Ownit Funding Corporation, an inactive Delaware corporation ("Funding") shall be dissolved. Holdings shall be authorized to take all action necessary to dissolve the Debtor and to cause the dissolution by Debtor of Funding.  Except as otherwise retained by the OWNIT Liquidating Trust,

-28-

1  the Debtor's officers, sole director, employees and counsel will be terminated and relieved of any

2  responsibilities to the Debtor as of the Effective Date.

3  **E.    OWNIT Liquidating Trust.**

4      1.    Effectiveness of the OWNIT Liquidating Trust.

5          On the Effective Date: (i) the OWNIT Liquidating Trust Agreement shall become

6  effective, and, if not previously signed, the Debtor and the Liquidating Trustee shall execute the

7  OWNIT Liquidating Trust Agreement. The OWNIT Liquidating Trust is organized and established

8  as a trust for the benefit of the Beneficiaries, as defined below, and is intended to qualify as a

9  liquidating trust within the meaning of Treasury Regulation Section 301.7701-4(d).

10      2.    Beneficiaries

11          In accordance with Treasury Regulation Section 301.7701-4(d), the beneficiaries

12  (**"Beneficiaries"**) of the OWNIT Liquidating Trust are the holders of Allowed General Unsecured

13  Claims and Subordinated Allowed General Unsecured Claims. The Holders of Allowed General

14  Unsecured Claims and Subordinated Allowed General Unsecured Claims shall receive an allocation

15  of OWNIT Liquidating Trust Interests and OWNIT Subordinated Liquidating Trust Interests,

16  respectively, as provided for in the Plan and the OWNIT Liquidating Trust Agreement.    The

17  Holders of OWNIT Liquidating Trust Interests and OWNIT Subordinated Liquidating Trust

18  Interests shall receive distributions from the OWNIT Liquidating Trust as provided for in the Plan

19  and the OWNIT Liquidating Trust Agreement.

20      3.    Implementation of the Liquidating Trust.

21          On the Effective Date, the Debtor, on behalf of the Estate, and the Liquidating

22  Trustee shall be authorized to, and shall, take all such actions as required to transfer from the

23  Debtor and the Estate the OWNIT Trust Assets, to the OWNIT Liquidating Trust. From and after

24  the Effective Date, the Liquidating Trustee shall be authorized to, and shall take all such actions as

25  required to implement the OWNIT Liquidating Trust and the provisions of this Plan as are

26  contemplated to be implemented by the Liquidating Trustee, including without limitation directing

27  Distributions to Holders of Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed

28  Priority Non-Tax Claims, objecting to Claims, administering the Causes of Action and Rights of

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

-29-

1   Action, liquidating the OWNIT Trust Assets (including mortgage loans and related collateral), and

2   causing Distributions from the OWNIT Liquidating Trust to be made to the Beneficiaries.  The

3   actions taken by the Liquidating Trustee prior to the Effective Date to assist the implementation of

4   the OWNIT Liquidating Trust and in aid of confirmation of the Plan shall be compensated as

5   substantial contribution claims under Section 503(b)(4) of the Bankruptcy Code by the Liquidating

6   Trustee, subject to a cap of $50,000, upon notice and Bankruptcy Court approval.

7        4.    Transfer of OWNIT Trust Assets.

8          On the Effective Date, pursuant to the Plan and Sections 1123, 1141 and 1146(a) of

9   the Bankruptcy Code, the Debtor and its Estate are authorized and directed to transfer, grant, assign,

10   convey, set over, and deliver to the Liquidating Trustee, for the benefit of the OWNIT Liquidating

11   Trust, all of the Debtor's and the Estate's right, title and interest in and to the OWNIT Trust Assets

12   free and clear of all liens, Claims, encumbrances or interests of any kind in such property of any

13   other or Holders of Claims against or Equity Interests in the Debtor, except as otherwise expressly

14   provided for in the Plan.  To the extent required to implement the transfer of the OWNIT Trust

15   Assets from the Debtor and its Estate to the OWNIT Liquidating Trust and the Liquidating Trustee

16   as provided for herein, all Persons shall cooperate with the Debtor and the Estate to assist the

17   Debtor and the Estate to implement said transfers.

18        5.    Representative of the Estate.

19          The Liquidating Trustee shall be, and hereby is, appointed as the representative of

20   the Estate pursuant to sections 1123(a)(5), (a)(7) and (b)(3)(B) of the Bankruptcy Code and as such

21   shall be vested with the authority and power (subject to the OWNIT Liquidating Trust Agreement)

22   to: (i) administer, hold and liquidate the OWNIT Trust Assets, (ii) administer, investigate,

23   prosecute, settle and abandon all Causes of Action in the name of, and for the benefit of, the Estate,

24   subject to the limitations set forth in Section VII.A. of the Plan; (iii) administer, investigate,

25   prosecute, settle and abandon all Rights of Action; (iv) make Distributions provided for in the Plan,

26   including, but not limited to, on account of Allowed Claims and make Distributions on account of

27   OWNIT Liquidating Trust Interests and OWNIT Subordinated Liquidating Trust Interests; and

28   (v) take such action as required to administer, wind-down, and close the Case.    As the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

representative of the Estate, the Liquidating Trustee shall succeed to all of the rights and powers of the Debtor and the Estate with respect to all Causes of Action, and the Liquidating Trustee shall be substituted and shall replace the Debtor, the Estate and the Committee, as applicable, as the party in interest in all such litigation pending as of the Effective Date.

6.    No Liability Of Liquidating Trustee.

**To the maximum extent permitted by law, the Liquidating Trustee and its employees, officers, directors, agents, members, representatives, or professionals employed or retained by the Liquidating Trustee (the "Liquidating Trustee's Agents") shall not have or incur liability to any Person for an act taken or omission made in good faith in connection with or related to the administration of the OWNIT Trust Assets, the implementation of the Plan and the Distributions made thereunder or Distributions made under the OWNIT Liquidating Trust, subject to the provisions of the OWNIT Liquidating Trust Agreement, including, without limitation, sections 4.11 and 8.2.1 thereof. The Liquidating Trustee and the Liquidating Trustee's Agents shall in all respects be entitled to reasonably rely on the advice of counsel with respect to its duties and responsibilities under the Plan and the OWNIT Liquidating Trust.    Entry of the Confirmation Order constitutes a judicial determination that the exculpation provision contained in this Section is necessary to, *inter alia*, facilitate Confirmation and feasibility and to minimize potential claims arising after the Effective Date for indemnity, reimbursement or contribution from the Estates, or the OWNIT Liquidating Trust, or their respective property. Notwithstanding the foregoing, nothing in this Section shall alter any provision in the OWNIT Liquidating Trust Agreement that provides for the potential liability of the Liquidating Trustee to any Person.**

7.    OWNIT Trust Committee.

As provided for in the OWNIT Liquidating Trust Agreement there shall be formed a committee (the OWNIT Trust Committee) that will have consultation, approval and information rights with respect to the OWNIT Liquidating Trust as set forth in the OWNIT Liquidating Trust Agreement. The OWNIT Trust Committee shall consist of members of the Committee, Residential Funding Company, LLC ("RFC") and Nomura Credit & Capital, Inc. ("Nomura").

-31-

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

8.    Funding of Post Effective Date Plan Expenses.

All Post Effective Date Plan Expenses incurred from and after the Effective Date, shall be expenses of the OWNIT Liquidating Trust, and the Liquidating Trustee shall disburse funds from the OWNIT Trust Assets for purposes of funding such expenses.

9.    Provisions Relating to Federal Income Tax Compliance.

A transfer to the OWNIT Liquidating Trust shall be treated for all purposes of the Internal Revenue Code of 1986, as amended (the "Internal Revenue Code"), as a transfer to creditors to the extent creditors are beneficiaries of the OWNIT Liquidating Trust. For example, such treatment shall apply for purposes of Internal Revenue Code sections 61(a)(12), 483, 1001, 1012 and 1274. Any such transfer shall be treated for federal income tax purposes as a deemed transfer to the beneficiary-creditors followed by a deemed transfer by the beneficiary-creditors to the OWNIT Liquidating Trust. The beneficiaries of the OWNIT Liquidating Trust shall be treated for federal income tax purposes as the grantors and deemed owners of the OWNIT Liquidating Trust.

As soon as practicable after the Effective Date, and thereafter as may be required, the Liquidating Trustee shall, if reasonably deemed necessary or desirable by the Liquidating Trustee, make a good faith valuation of the OWNIT Trust Assets, or cause a good faith valuation of the OWNIT Trust Assets to be made by such professionals as the Liquidating Trustee may, in its sole discretion, retain for such purposes, and the Liquidating Trustee shall, upon written request, make available, through means adopted by the Liquidating Trustee in its sole and absolute discretion, to the Beneficiaries the general results of such valuation. Notwithstanding anything in this Plan or the OWNIT Liquidating Trust Agreement to the contrary, the Liquidating Trustee shall distribute at least annually to the beneficiaries of the OWNIT Liquidating Trust all of the OWNIT Liquidating Trust's net income plus all net proceeds from the sale of assets, except that the OWNIT Liquidating Trust may retain an amount of net proceeds or net income that the Liquidating Trustee determines in its discretion is necessary to maintain the value of the OWNIT Liquidating Trust assets or to meet claims and contingent liabilities, including Disputed Claims.

-32-

**F.    The Committee and the OWNIT Trust Committee.**

Until the Effective Date, the Committee shall continue in existence. As of Effective Date, the Committee shall terminate and disband and the members of the Committee and the Committee shall be released and discharged of and from all further authority, duties, responsibilities and obligations related to and arising from their service as Committee members. As of the Effective Date, the Committee shall be replaced by the OWNIT Trust Committee, which shall be comprised of members of the Committee, RFC and Nomura. The OWNIT Trust Committee shall have the advisory, monitoring and other functions identified in the Plan and the OWNIT Liquidating Trust Agreement.

If an OWNIT Trust Committee member assigns its Claim in full or releases the Debtor from payment of the balance of its Claim, such act shall constitute a resignation from the OWNIT Trust Committee. In the event of a resignation or other removal of any member of the OWNIT Trust Committee, the OWNIT Trust Committee shall function in its reduced number, subject to the following. The Liquidating Trustee (or its counsel) shall file with the Court and serve upon the Post Effective Date Notice List a notice (the "Committee Notice") within five (5) business days of the resignation or other removal of any member from the OWNIT Trust Committee. If after 30 days from the date of a Committee Notice, the remaining members of the Liquidating Trust Committee have not filed a notice (an "Appointment Notice") with the Court of the appointment of a successor member to the Liquidating Trust Committee (a "Successor Member"), any party in interest shall have the right (but not the obligation) to file a motion with the Court nominating a Successor Member (a "Nominating Motion"), and the Liquidating Trustee and the Liquidating Trust Committee and any other party in interest shall have the right to oppose such Nominating Motion. The Court may, but shall but not be obligated to, appoint a Successor Member. If the Liquidating Trust Committee appoints a Successor Member within 30 days from the date of a Committee Notice, the Liquidating Trust Committee shall file with the Court and serve upon the Post Effective Date Notice List an Appointment Notice. Upon filing of an Appointment Notice, any party-in-interest shall have 14 days to object by filing a motion in opposition to such appointment.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

65549-001\DOCS_LA:172057.4

1    Following all Distributions being made to the holders of Allowed General Unsecured

2   Claims, Late Filed Claims (if applicable), and Subordinated Allowed General Unsecured Claims (if

3   applicable), under the Plan, the OWNIT Trust Committee shall be dissolved and the members

4   thereof shall be released and discharged of and from all further authority, duties, responsibilities

5   and obligations related to and arising from their service as OWNIT Trust Committee members.

6    The members of the OWNIT Trust Committee shall undertake their duties as

7   specified in the Plan and the OWNIT Liquidating Trust Agreement.  In serving as a member of the

8   OWNIT Trust Committee, such members shall not assume or be deemed to have assumed any

9   liability to Creditors, the Debtor, or any other parties in interest in the Case and shall not be liable

10   for any acts or omissions while acting in that capacity, except for bad faith and acts or omissions

11   constituting malfeasance or gross negligence.

12   **G.    Designation and Role of the Disbursing Agent.**

13    Unless otherwise determined by the OWNIT Trust Committee, the Disbursing Agent

14   shall not be required to be bonded in connection with its obligations under this Plan.    The

15   appointment and compensation of the Disbursing Agent shall be approved by the Bankruptcy Court

16   in accordance with this Plan and confirmed by the Bankruptcy Court as part of the Confirmation

17   Order.  The fees, expenses and any bond premiums incurred by the Disbursing Agent in connection

18   with its duties hereunder shall be paid by the Debtor's Estate, either through the Reserves or by the

19   OWNIT Liquidating Trust.  Subject to the discretion of the Liquidating Trustee, the Disbursing

20   Agent will make all Distributions required under this Plan.    The Disbursing Agent, after

21   consultation with the Liquidating Trustee and the OWNIT Trust Committee, shall be authorized to

22   implement such procedures as it deems necessary to make Distributions pursuant to this Plan so as

23   to efficiently and economically assure prompt and proportionate Distributions.  In the event the

24   Disbursing Agent resigns, is removed at the discretion of the Liquidating Trustee or otherwise is

25   rendered unable or is unwilling to perform its duties and responsibilities as agent under this Plan,

26   then the Liquidating Trustee shall designate and appoint a successor agent and file notice of such

27   successor with the Bankruptcy Court.

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

-34-

**H.    Funding of the Equity Pourover Account.**

Upon payment in full of (i) all Allowed Administrative Claims, Allowed Professional Fee Claims, Allowed Priority Tax Claims, Allowed Priority Non-Tax Claims, Allowed Secured Claims (subject to the election made pursuant to Section IV.C above), Allowed General Unsecured Claims, Subordinated Allowed General Unsecured Claims, Late Filed Claims, and any Postpetition Interest or Penalty component of any such Claim that is payable in accordance with section 726(a)(4) and 726(a)(5) of the Bankruptcy Code (or a reserve established providing for such full payment); (ii) all Post Effective Date Plan Expenses (or a reserve established providing for such full payment), any Cash remaining in the OWNIT Liquidating Trust, if any, shall be transferred and deposited into the Equity Pourover Account.  Subject to retaining a sufficient amount that is reasonably necessary to pay the costs and expenses of the Equity Disbursing Agent, the Equity Disbursing Agent shall make *Pro Rata* Distributions of such Cash, if any, to the holders of Allowed Interests.

**I.    Allowance of Equity Interests.**

Each Holder of OWNIT Common Stock as of the Effective Date will be deemed to have an Allowed Interest for the number of such shares of record and need not file a proof of Interest with respect thereto.

**J.    The Source of Distributions.**

The sources of all Distributions and payments under this Plan are and will be Cash, including Cash in any Reserves, and OWNIT Liquidating Trust Proceeds.

**K.    Distribution of Property Under the Plan.**

1.    <u>Manner of Cash Payments.</u>

Cash Distributions made pursuant to this Plan shall be in United States funds, by check drawn on a domestic bank, or, if the Disbursing Agent so elects in its discretion for Distributions to certain large claimants, by wire transfer from a domestic bank.

2.    <u>Setoff and Recoupment.</u>

**NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE PLAN, THE LIQUIDATING TRUSTEE (THROUGH THE DISBURSING AGENT) MAY SET OFF, RECOUP, OR WITHHOLD AGAINST THE DISTRIBUTIONS TO BE MADE ON**

-35-

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

ACCOUNT OF ANY ALLOWED CLAIM ANY CLAIMS THAT THE DEBTOR OR THE ESTATE MAY HAVE AGAINST THE ENTITY HOLDING THE ALLOWED CLAIM. THE DEBTOR, THE ESTATE, AND THE OWNIT LIQUIDATING TRUST WILL NOT WAIVE OR RELEASE ANY CLAIM AGAINST THOSE ENTITIES BY FAILING TO EFFECT SUCH A SETOFF OR RECOUPMENT, BY ALLOWING ANY CLAIM AGAINST THE DEBTOR OR THE ESTATE, OR BY MAKING A DISTRIBUTION ON ACCOUNT OF AN ALLOWED CLAIM.

     3.    No *De Minimis* Distributions.

     Notwithstanding anything to the contrary in this Plan, no Distribution of less than $5.00 will be made to any Holder of an Allowed Claim on account thereof. No consideration will be provided in lieu of the *de minimis* Distributions that are not made under this Section.

     4.    No Distributions With Respect to Disputed Claims and Interests.

     Notwithstanding any other Plan provision, Distributions will be made on account of a Disputed Claim only after, and only to the extent that, the Disputed Claim either becomes or is deemed to be an Allowed Claim for purposes of Distributions.

     5.    Undeliverable or Unclaimed Distributions.

     Distributions to entities holding Allowed Claims will initially be made by mail as follows:

     (a)    Distributions will be sent to the address, if any, set forth on a filed proof of claim as amended by any written notice of address change that is received by the Debtor or Liquidating Trustee no later than ten (10) Business Days prior to the date of any Distribution; or

     (b)    If no such address is available, Distributions will be sent to the address set forth on the Bankruptcy Schedules.

     If no address is available either on a proof of claim or on the Bankruptcy Schedules, the Distribution will be deemed to be undeliverable. If a Distribution is returned to the Disbursing Agent as an undeliverable Distribution or is deemed to be an undeliverable Distribution, Liquidating Trustee (through the Disbursing Agent) will make no further Distribution to the entity

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

-36-

holding the Claim on which the Distribution is being made unless and until the Liquidating Trustee is timely notified in writing of that entity's current address.  Subject to the following paragraph, until they become deliverable, the Liquidating Trustee may create a separate Reserve for undeliverable Distributions for the benefit of the entities entitled to the Distributions.  These entities will not be entitled to any interest on account of the undeliverable Distributions.

Any entity that is otherwise entitled to an undeliverable Distribution and that does not, within one (1) year after a Distribution is returned as undeliverable, provide Liquidating Trustee or Disbursing Agent with a written notice asserting its claim to or interest in that undeliverable Distribution and setting forth a current, deliverable address will be deemed to waive any claim to or interest in that undeliverable Distribution and will be forever barred from receiving that undeliverable Distribution or asserting any Claim against the Debtor, the Estate, or their property.   Any undeliverable Distributions that are not claimed under this Section will be distributed *Pro Rata* to other Holders of Allowed Class 3 Claims.  Nothing in the Plan requires the Liquidating Trustee and/or the Disbursing Agent to attempt to locate any entity holding an Allowed Claim and whose distribution is undeliverable.

6.   Record Date.

The record date for purposes of Distributions under this Plan shall be the date the Bankruptcy Court enters its order approving the Disclosure Statement.  The Disbursing Agent will rely on the register of proofs of claim filed in the Case except to the extent a notice of transfer of Claim or Interest has been filed with the Court prior to the record date pursuant to Bankruptcy Rule 3001.

7.   Fractional Cents.

When any payment of a fraction of a cent would otherwise be called for, the actual payment shall reflect a rounding of such fraction to the nearest whole cent (rounding down in the case of less than $0.005 and rounding up in the case of $0.005 or more); provided, however, that, in no event, shall a Distribution of less than $5.00 will be made to any Holder of an Allowed Claim on account thereof as set forth above.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

8.      Release of Reserved Funds.

Any Cash remaining in any Reserve, after all applicable Distributions or other payments have been made from said Reserve, shall be released therefrom and be turned over to the OWNIT Liquidating Trust for distribution in accordance with this Plan.

## VII.
## LITIGATION AND CLAIMS OBJECTIONS

**A.      Preservation of Causes of Action.**

As of the Effective Date, the Liquidating Trustee shall retain all rights on behalf of the OWNIT Liquidating Trust to commence, pursue and settle, as appropriate, any and all Causes of Action (including Avoidance Actions), whether arising before or after the Petition Date, in any court or other tribunal, including, without limitation, a bankruptcy court adversary proceeding filed in the Case. The failure to explicitly list any Causes of Action and other potential or existing claims of the Debtor or Estate is not intended to limit the rights of the OWNIT Liquidating Trust, through the Liquidating Trustee, to pursue any Causes of Action and such claims not so identified. The Debtor and the Committee shall file a non-exhaustive list of Causes of Action at least ten (10) Business Days prior to the Confirmation Hearing; provided, however, notwithstanding any otherwise applicable principle of law or equity, including, without limitation, any principles of judicial estoppel, res judicata, collateral estoppel, issue preclusion, or any similar doctrine, the failure to list, disclose, describe, identify, analyze or refer to any Cause of Action, or potential Cause of Action, in this Plan, the Disclosure Statement, or any other document filed with the Bankruptcy Court shall in no manner waive, eliminate, modify, release, or alter the Debtor's or the Liquidating Trustee's right to commence, prosecute, defend against, settle, and realize upon any Cause of Action that the Debtor or the Estate has or may have as of the Confirmation Date. Subject to the limitations expressly set forth in the OWNIT Liquidating Trust Agreement, the Liquidating Trustee may commence, prosecute, defend against, recover on account of, and settle all Causes of Action in its sole discretion in accordance with what is in the best interests, and for the benefit, of the OWNIT Liquidating Trust; provided, however, that (i) any agreement to settle or compromise any Repurchase Claim shall require Bankruptcy Court approval after a noticed hearing, and (ii) all

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

-38-

settlements, if any, with respect to any Cause of Action against Merrill Lynch Mortgage Capital, Inc. ("MLMC") or JP Morgan Chase, Inc. ("Chase") and all of their respective successors and assigns, including any of their affiliates, shall require Bankruptcy Court approval after a noticed hearing; provided further that any settlements described in the preceding clauses (i) and (ii) shall be subject to Court approval under Rule 9019 of the Federal Rules of Bankruptcy Procedure and the applicable standards thereof.

Unless a Cause of Action against a Person is expressly waived, relinquished, released, compromised, or settled in the Plan or any Final Order, the Debtor expressly reserves such Causes of Action for later adjudication (including, without limitation, Causes of Action of which the Debtor may presently be unaware, or which may arise or exist by reason of additional facts or circumstances unknown to the Debtor at this time, or facts or circumstances which may change or be different from those which the Debtor now believes to exist) and, therefore, no preclusion doctrine, including, without limitation, the doctrines of *res judicata*, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable, or otherwise), or laches shall apply to Causes of Action upon, or after, the Confirmation or consummation of the Plan based on the Disclosure Statement, the Plan, or the Confirmation Order, except where such Causes of Action have been expressly released by virtue of the Plan or other Final Order.

As of the Effective Date, subject to the OWNIT Liquidating Trust Agreement, the OWNIT Liquidating Trust, on behalf of the OWNIT Liquidating Trust, shall be authorized to exercise and perform the rights, powers and duties held by the Debtor's Estate with respect to the Causes of Action, including, without limitation, the authority under Bankruptcy Code section 1123(b)(3) to provide for the settlement, adjustment, retention and enforcement of claims and interests of the Estate, without the consent or approval of any third party, and without any further order of the Bankruptcy Court, except as otherwise provided in this Section.

Any Person with respect to whom the Debtor has incurred an obligation (whether on account of services, purchase or sale of property, or otherwise), or who has received services from the Debtor or a transfer of money or property of the Debtor, or who has transacted business with the Debtor, or leased equipment or property from the Debtor should assume that such obligation,

-39-

1   transfer, or transaction may be reviewed by the Liquidating Trustee, on behalf of the OWNIT

2   Liquidating Trust, subsequent to the Effective Date and may, if appropriate, be the subject of an

3   action after the Effective Date, whether or not (i) such Person has filed a proof of Claim against the

4   Debtor; (ii) such Person's proof of Claim has been objected to by the Debtor; (iii) such Person's

5   Claim was included in the Bankruptcy Schedules; or (iv) such Person's scheduled Claims have been

6   objected to by the Debtor or has been identified by the Debtor as disputed, contingent, or

7   unliquidated.

8       **SUBJECT TO THE OWNIT LIQUIDATING TRUST AGREEMENT, THE**

9   **LIQUIDATING TRUSTEE WILL MAKE THE DECISION OF WHETHER OR NOT TO**

10  **PURSUE ANY CAUSES OF ACTION. THIS DECISION WILL BE BASED UPON HIS OR**

11  **HER REVIEW OF THE MERITS OF THE VARIOUS CLAIMS AS WELL AS THE COSTS**

12  **REQUIRED TO PROSECUTE SUCH CLAIMS IN LIGHT OF THE LIMITED**

13  **RESOURCES AVAILABLE FOR THE DISTRIBUTION TO CREDITORS. SUBJECT TO**

14  **THE OWNIT LIQUIDATING TRUST AGREEMENT, THE LIQUIDATING TRUSTEE**

15  **MAY SEEK TO RETAIN COUNSEL ON A CONTINGENCY BASIS TO PROSECUTE**

16  **SOME OR ALL OF SUCH CLAIMS, MAY SEEK TO FINANCE ANY COSTS RELATING**

17  **TO THE PROSECUTION OF SUCH LITIGATION OR MAY DECIDE NOT TO PURSUE**

18  **SUCH CLAIMS AT ALL.**

19  **B.      Disputed Claims.**

20          1.      Reserves for Claims Other Than General Unsecured Claims.

21          On the Effective Date, the Secured Claims Reserve, Administrative Claims Reserve,

22  Priority Tax Claims Reserve and Priority Non-Tax Claims Reserve shall be funded with sufficient

23  monies to pay for, as applicable, all Allowed Administrative Claims, Allowed Claims, and Disputed

24  Claims (in the event such claims become Allowed Claims), in such categories.   Any Cash

25  remaining in these Reserves, after all applicable Distributions or other payments have been made

26  from said Reserve, shall be released therefrom and turned over to the OWNIT Liquidating Trust for

27  distribution in accordance with this Plan.

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

2. <u>Disputed Unsecured Claims Reserve.</u>

Prior to any Distributions being made to Holders of Allowed Unsecured Claims, the OWNIT Liquidating Trust shall deposit into the Disputed Unsecured Claims Reserve an amount equal to the *Pro Rata* share of the Distribution allocable to Disputed Unsecured Claims, as if such Claims were Allowed Claims, and shall release or cause to have released from this Reserve monies to fund Distributions to Holders of Disputed Unsecured Claims as, and if and to the extent, Disputed Claims become Allowed Claims, and any Cash remaining in Disputed Unsecured Claims Reserve, after any such Distributions, shall be released therefrom and turned over to the OWNIT Liquidating Trust for distribution in accordance with this Plan.

3. <u>Objections to and Resolution of Disputed Claims.</u>

On and after the Effective Date, the Liquidating Trustee shall have the right to make and file objections to Claims and Administrative Claims and to prosecute, settle and/or withdraw such objections. The Liquidating Trustee shall have the authority to compromise, settle, withdraw or otherwise resolve any objections for any Claim without approval of the Bankruptcy Court; <u>provided, however,</u> that the Liquidating Trustee may in his or her discretion seek relief before the Bankruptcy Court with respect to any Disputed Claim; <u>provided, further, however,</u> that (i) any agreement to settle or compromise any Repurchase Claim shall require Bankruptcy Court approval after a noticed hearing, and (ii) all settlements, if any, with respect to any Cause of Action against MLMC or Chase and all of their respective successors and assigns, including any of their affiliates, shall require Bankruptcy Court approval after a noticed hearing; <u>provided further</u> that any settlements described in the preceding clauses (i) and (ii) shall be subject to Court approval under Rule 9019 of the Federal Rules of Bankruptcy Procedure and the applicable standards thereof. The Liquidating Trustee shall file and serve all objections to Claims upon the Holder of the Claim as to which the objection is made no later than 180 days after the later of (i) the Effective Date or (ii) the date on which a proof of claim or request for payment is filed with the Bankruptcy Court (the "Claims Objection Deadline"). The Liquidating Trustee may extend the Claims Objection Deadline for a single 120 day period by filing a notice of the extended deadline with the Bankruptcy Court; <u>provided, however,</u> that nothing herein shall modify the statute of limitations for any affirmative

-41-

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  Cause of Action that the Liquidating Trustee may assert against any third party.  Thereafter, the

2  deadline may be further extended only by an order of the Bankruptcy Court.

## VIII.
## OTHER PLAN PROVISIONS

**A.    Exculpation and Release of Debtor, Committee and Professionals.**

Except to the extent arising from willful misconduct or gross negligence, any and all Claims, liabilities, causes of action, rights, damages, costs and obligations held by any party against the Debtor, the Committee and their respective attorneys, accountants, agents and other professionals, and their officers, directors and employees, whether known or unknown, matured or contingent, liquidated or unliquidated, existing, arising or accruing, whether or not yet due in any manner related to the post-Petition Date administration of the Case or the formulation, negotiation, prosecution or implementation of the Plan, shall be deemed fully waived, barred, released and discharged in all respects, except as to rights, obligations, duties, claims and responsibilities preserved, created or established by terms of the Plan; provided, however, that, notwithstanding the foregoing, this provision does not limit the nature of any objection to the allowance and compensation of any Professional Fees or the insider compensation of William D. Dallas.

Pursuant to section 1125(e) of the Bankruptcy Code, the Debtor and the Committee and its present and former members, officers, directors, employees, agents, advisors, representatives, successors or assigns, and any Professionals (acting in such capacity) employed by any of the foregoing entities will neither have nor incur any liability to any Person for their role in soliciting acceptance or rejection of the Plan.

**B.    Exemption from Stamp, Transfer and Other Taxes.**

Pursuant to section 1146(c) of the Bankruptcy Code, the issuance, transfer, or exchange of assets under this Plan by the Debtor, the creation of any mortgage, deed of trust, or other security interest, the making or assignment of any lease or sublease, or the making or delivery of any deed or instrument of transfer under, in furtherance of, or in connection with this Plan, shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

-42-

**C.      Injunction Enjoining Holders of Claims Against Debtor.**

The Plan is the sole means for resolving, paying or otherwise dealing with Claims and Interests.  To that end, except as expressly provided herein, at all times on and after the Effective Date, all Persons who have been, are, or may be holders of Claims against or Interests in the Debtor arising prior to the Effective Date, shall be permanently enjoined from taking any of the following actions, on account of any such Claim or Interest, against the Debtor, its Estate, or its property (other than actions brought to enforce any rights or obligations under the Plan and any adversary proceedings pending in the Case as of the Effective Date):

(i)      commencing, conducting or continuing in any manner, directly or indirectly any suit, action, or other proceeding of any kind against the Debtor, its Estate, the OWNIT Liquidating Trust, or the Liquidating Trustee, their successors, or their respective property or assets; (including, without limitation, all suits, actions, and proceedings that are pending as of the Effective Date which shall be deemed to be withdrawn or dismissed with prejudice);

(ii)      enforcing, levying, attaching, executing, collecting, or otherwise recovering by any manner or means whether directly or indirectly any judgment, award, decree, or order against the Debtor, its Estate, the OWNIT Liquidating Trust, or the Liquidating Trustee, their successors, or their respective property or assets;

(iii)      creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any lien, security interest or encumbrance against the Debtor, its Estate, the OWNIT Liquidating Trust, or the Liquidating Trustee, their successors, or their respective property or assets; and

(iv)      proceeding in any manner in any place whatsoever against the Debtor, its Estate, the OWNIT Liquidating Trust, or the Liquidating Trustee, their successors, or their respective property or assets, that does not conform to or comply with the provisions of the Plan.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

-43-

**D.     Nondischarge of the Debtor.**

In accordance with Bankruptcy Code section 1141(a)(3), the Confirmation Order will not discharge Claims.  However, no Holder of a Claim may receive any payment from, or seek recourse against, any assets that are to be distributed under this Plan other than assets required to be distributed to that Holder pursuant to the Plan.  **As of the Confirmation Date, all Persons are enjoined from asserting against any property that is to be distributed under this Plan any Claims, rights, causes of action, liabilities, or Interests based upon any act, omission, transaction, or other activity that occurred before the Confirmation Date except as expressly provided in this Plan or the Confirmation Order.**

**E.     Entry of a Final Decree.**

Promptly following the liquidation or other disposition of all remaining Assets, including the Causes of Action, Rights of Action, and distribution of all net OWNIT Liquidating Trust Proceeds and monies in the Reserves pursuant to the Plan and OWNIT Liquidating Trust Agreement, after consultation with the OWNIT Trust Committee, the Liquidating Trustee will file a motion with the Bankruptcy Court to obtain entry of a final decree closing the Case.  Upon the entry of the final decree, the Liquidating Trustee, on behalf of the OWNIT Liquidating Trust, shall be authorized in its sole and absolute discretion to have discarded or destroyed any and all pre-Effective Date books and records of the Debtor in said parties' custody or control.  The Liquidating Trustee shall continue to preserve their respective post-Effective Date books and records, subject to further Court order.

**F.     Post-Effective Date Quarterly Fees.**

After the Effective Date, the Liquidating Trustee, on behalf of the OWNIT Liquidating Trust, shall pay all U.S. Trustee Fees.

**G.     Post-Effective Date Status Reports.**

The Liquidating Trustee shall file status reports regarding the status of implementation of the Plan and the review, prosecution and resolution of Causes of Action, respectively, every 120 days following the entry of the Confirmation Order through entry of a final decree closing the Case, or as otherwise ordered by the Bankruptcy Court.

-44-

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**H.  Withholding and Reporting Requirements.**

In connection with the consummation of the Plan, the Liquidating Trustee and Disbursing Agent shall comply with all withholding and reporting requirements imposed by any federal, state, local or foreign taxing authority and all Distributions hereunder shall be subject to any such withholding and reporting requirements.  The Liquidating Trustee and Disbursing Agent may reasonably request tax reporting information from persons entitled to receive Distributions under the Plan and may withhold the payment of such Distributions pending the receipt of such tax reporting information.

**I.  Evidence of Claims.**

As of the Effective Date, notes and any other evidence of Claims will represent only the right to receive the Distributions contemplated under the Plan.

**J.  Cancellation of Interests.**

On the Effective Date, all Interests will be cancelled, annulled, and extinguished, and any issued and outstanding shares of common stock, preferred stock, stock options, warrants, membership interests, or other evidence of Interests in securities of the Debtor will be deemed to be cancelled and of no further force or effect without any further action by the Debtor or any other entity. Holders of Allowed Interests will retain no rights and receive no consideration on account of these Interests, and entities holding any evidence of Interests in the Debtor will have no rights arising from or relating to such evidence of their Interests or their cancellation; provided, however, that holders of Allowed Interests shall receive payment from the Equity Pourover Account, if any, in accordance with section VI.H of the Plan.

**K.  Injunctions or Stays.**

Unless otherwise provided, all injunctions or stays arising under or entered during the Case under section 105 or section 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

**L.  No Admissions.**

Except as specifically provided in the Plan, nothing contained in the Plan shall be deemed or construed in any way as an admission by the Debtor or its Estate with respect to any

65549-001\DOCS_LA:172057.4

1    matter set forth in the Plan, including the amount or allowability of any claim, or the value of any

2    property of the Estate.

3                Notwithstanding anything to the contrary in the Plan, if the Plan is not confirmed or

4    the Effective Date does not occur, the Plan will be null and void, and nothing contained in the Plan

5    will: (a) be deemed to be an admission by the Debtor with respect to any matter discussed in the

6    Plan, including liability on any Claim or the propriety of any Claim's classification; (b) constitute a

7    waiver, acknowledgement, or release of any Claims, Interests, or any claims held by the Debtor; or

8    (c) prejudice in any manner the rights of the Debtor or the Estate in any further proceedings.

9    **M.**    **Revocation of the Plan.**

10                The Debtor, with the consent of the Committee, reserves the right to withdraw the

11   Plan before the Confirmation Date.

12   **N.**    **Severability of Plan Provisions.**

13                If, before Confirmation, the Court holds that any Plan term or provision is invalid,

14   void, or unenforceable, the Court may alter or interpret that term or provision so that it is valid and

15   enforceable to the maximum extent possible consistent with the original purpose of that term or

16   provision. That term or provision will then be applicable as altered or interpreted. Notwithstanding

17   any such holding, alteration, or interpretation, the Plan's remaining terms and provisions will remain

18   in full force and effect and will in no way be affected, impaired, or invalidated. The Confirmation

19   Order will constitute a judicial determination providing that each Plan term and provision, as it may

20   have been altered or interpreted in accordance with this Section, is valid and enforceable under its

21   terms.

22   **O.**    **Governing Law.**

23                The rights and obligations arising under the Plan and any agreements, contracts,

24   documents, or instruments executed in connection with the Plan will be governed by, and construed

25   and enforced in accordance with, **California law** without giving effect to California law's conflict of

26   law principles, unless a rule of law or procedure is supplied by: (a) federal law (including the

27   Bankruptcy Code and the Bankruptcy Rules); or (b) an express choice-of-law provision in any

28   document provided for, or executed under or in connection with, the Plan.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

-46-

**P.    Retention of Jurisdiction.**

The Bankruptcy Court will retain and have exclusive jurisdiction over any matter arising under the Bankruptcy Code, arising in or related to the Case or the Plan, or that relates to the following:

(1)    resolution of any matters related to the assumption, assumption and assignment, or rejection of any executory contract or unexpired lease to which the Debtor is a party or with respect to which the Debtor may be liable, and to hear, determine and, if necessary, liquidate, any Claims arising therefrom;

(2)    entry of such orders as may be necessary or appropriate to implement or consummate the provisions of the Plan and all contracts, instruments, releases, and other agreements or documents created in connection with the Plan;

(3)    determination of any and all motions, adversary proceedings, applications, and contested or litigated matters that may be pending on the Effective Date or that, pursuant to the Plan, may be instituted by the Liquidating Trustee after the Effective Date, including, without limitation, any related to the Causes of Action;

(4)    ensuring that Distributions to Holders of Allowed Claims are accomplished as provided in the Plan;

(5)    hearing and determining any objections to Administrative Claims or proofs of Claim, both before and after the Confirmation Date, including any objections to the classification of any Claim and to allow, disallow, determine, liquidate, classify, estimate, or establish the priority of secured or unsecured status of any Claim, in whole or in part;

(6)    entry and implementation of such orders as may be appropriate in the event that the Confirmation Order is, for any reason, stayed, revoked, modified, reversed, or vacated;

(7)    issuance of such orders in aid of execution of the Plan, to the extent authorized by section 1142 of the Bankruptcy Code;

(8)    consideration of any modifications of the Plan, to cure any defect or omission, or reconcile any inconsistency in any order of the Bankruptcy Court, including the Confirmation Order;

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

-47-

(9)    hearing and determining all applications for awards of compensation for services rendered and reimbursement of expenses incurred prior to the Effective Date;

(10)    hearing and determining disputes arising in connection with, or relating to, the Plan or the interpretation, implementation, or enforcement of the Plan, or the extent of any Person's obligations incurred in connection with or released or exculpated under the Plan;

(11)    the recovery of all assets of the Debtor and property of the Estate, wherever located;

(12)    the administration and orderly liquidation of mortgage loans held by the OWNIT Liquidating Trust including foreclosure proceedings or other Causes of Action relating to the mortgage loans or the collateral securing the mortgage loans;

(13)    issuance of injunctions or other orders as may be necessary or appropriate to restrain interference by any Person with consummation or enforcement of the Plan;

(14)    determination of any other matters that may arise in connection with, or are related to, the Plan, the Disclosure Statement, the Confirmation Order, or any contract, instrument release, or other agreement or document created in connection with the Plan or the Disclosure Statement, including, without limitation, the OWNIT Liquidating Trust Agreement;

(15)    hearing and determining matters concerning state, local, and federal taxes in accordance with sections 346, 505, and 1146 of the Bankruptcy Code;

(16)    hearing any other matter or for any purpose specified in the Confirmation Order that is not inconsistent with the Bankruptcy Code;

(17)    entry of a final decree closing the Case;

(18)    hearing and determining, to the fullest extent authorized by applicable law, any issue or dispute directly or indirectly arising from or related to the OWNIT Liquidating Trust, the OWNIT Trust Assets, the OWNIT Liquidating Trust Agreement, the composition of the OWNIT Liquidating Trust Committee or the Liquidating Trustee;

(19)    hearing and determining any other matter deemed relevant to the consummation of the Plan and the administration of the Case; and

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

-48-

(20)    interpreting and enforcing Orders entered by the Bankruptcy Court; provided that if the Bankruptcy Court abstains from exercising jurisdiction, or is without jurisdiction, over any matter, this Section will not effect, control, prohibit, or limit the exercise of jurisdiction by any other court that has jurisdiction over that matter.

**Q.    Successors and Assigns.**

The rights, benefits, and obligations of any entity referred to in this Plan will be binding on, and will inure to the benefit of, any heir, executor, administrator, successor, or assign of that entity.

**R.    Nonconsensual Confirmation.**

In the event that the Classes not entitled to vote to accept or reject this Plan fail to accept the Plan in accordance with Bankruptcy Code section 1129(a)(8), the Debtor and the Committee reserve the right to modify the Plan in accordance with Bankruptcy Code section 1127(a).  In accordance with section 1127 of the Bankruptcy Code, the Debtor and the Committee reserve the right to alter, amend, modify, revoke or withdraw the Plan or any Plan exhibit or schedule, including amending or modifying it to satisfy the requirements of the Bankruptcy Code.

**S.    Saturday, Sunday, or Legal Holiday.**

If any payment or act under the Plan should be made or performed on a day that is not a Business Day, then the payment or act may be completed on the next succeeding day that is a Business Day, in which event the payment or act will be deemed to have been completed on the required day.

**T.    No Waiver.**

Neither the failure to list a Claim in the Schedules filed by the Debtor, the failure of any Person to object to any Claim for purposes of voting, the failure of any Person to object to a Claim or Administrative Expense Claim prior to Confirmation or the Effective Date, the failure of any Person to assert a Right of Action prior to Confirmation or the Effective Date, the absence of a proof of Claim having been Filed with respect to a Claim, nor any action or inaction of any Person with respect to a Claim, Administrative Expense Claim, or Right of Action other than a legally

-49-

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  effective express waiver or release shall be deemed a waiver or release of the right of the Debtor or

2  its successors or representatives, before or after solicitation of votes on the Plan or before or after

3  Confirmation or the Effective Date to (a) object to or examine such Claim or Administrative

4  Expense Claim, in whole or in part or (b) retain and either assign or exclusively assert, pursue,

5  prosecute, utilize, otherwise act or otherwise enforce any Right of Action.

6  **U.    Plan Modification.**

7        Subject to the restrictions set forth in Bankruptcy Code section 1127, the Debtor,

8  with the consent of the Committee, reserves the right to alter, amend, or modify the Plan before it is

9  substantially consummated.

10  **V.    Post-Effective Date Notice.**

11        From and after the Effective Date, any Person who desires notice of any pleading or

12  document filed in the Case, or of any hearing in the Court, or of any matter as to which the

13  Bankruptcy Code requires notice to be provided, shall file a request for post-confirmation notice

14  and shall serve the request on counsel for the Debtor, counsel for the Committee, the Liquidating

15  Trustee; provided however, the U.S. Trustee and the Liquidating Trustee, shall be deemed to have

16  requested post-confirmation notice.

## IX.

## RECOMMENDATIONS AND CONCLUSION

19       The Debtor believes that confirmation and implementation of this Plan are preferable

20  to any other alternative because, in its view, the Plan will provide Holders of Allowed Claims and

21  Allowed Interests with the maximum recovery. Accordingly, the Debtor urges Creditors and

22  Interest Holders to vote to accept the Plan.

23  Dated: November 21, 2007         OWNIT MORTGAGE SOLUTIONS, INC.,
                          Chapter 11 Debtor and Debtor in Possession

26  By: _____ /s/ _____
         Name: William D. Dallas

27           Title: Chief Executive Officer & President

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

65549-001\DOCS_LA:172057.4

1

**EXHIBIT "1"**

2

**EXECUTORY CONTRACTS AND UNEXPIRED LEASES TO BE ASSUMED**

3

4        None

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# EXHIBIT B

1

Ira D. Kharasch (CA Bar No. 109084)
2   Linda F. Cantor (CA Bar No. 153762)
Jonathan J. Kim (CA Bar No. 180761)
3   PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
4   Los Angeles, California  90067-4100
Telephone: 310/277-6910
5   Facsimile:  310/201-0760

6   Attorneys for Debtor and Debtor in Possession

7

8                     UNITED STATES BANKRUPTCY COURT

9                     CENTRAL DISTRICT OF CALIFORNIA

10                    SAN FERNANDO VALLEY DIVISION

11   | In re:                              | Case No.: SV-06-12579 KT |
12   |                                     |                          |
     | OWNIT MORTGAGE SOLUTIONS, INC.,     | Chapter 11               |
13   |                                     |                          |
     |                         Debtor.     | **NOTICE OF CONFIRMATION AND INJUNCTIONS** |
14   |                                     |                          |
15   |                                     | No Hearing Required      |

16

17        **TO ALL CREDITORS, HOLDERS OF INTERESTS, THE OFFICE OF THE**

18   **UNITED STATES TRUSTEE, AND ALL OTHER PARTIES IN INTEREST:**

19        **NOTICE IS HEREBY GIVEN** that on January __, 2008, the Honorable Kathleen

20   Thompson, United States Bankruptcy Court, Courtroom 301, 21041 Burbank Boulevard,

21   Woodland Hills, California, 91367, entered an "Order Confirming The Debtor's Third Amended

22   Liquidating Plan of Reorganization Under Chapter 11 of the Bankruptcy Code" (the "Confirmation

23   Order") and "Findings Of Fact And Conclusions Of Law In Support Of Order Confirming The

24   Third Amended Liquidating Plan Of Reorganization Under Chapter 11 Of The Bankruptcy Code"

25   (the "Findings").  By the Confirmation Order, the Bankruptcy Court confirmed the "Third

26   Amended Liquidating Plan of Reorganization Under Chapter 11 of the Bankruptcy Code" (the

27   "Plan"), which Plan was proposed by Debtor Ownit Mortgage Solutions, Inc. in Bankruptcy Case

28   No. 06-12579, pursuant to section 1129 of the Bankruptcy Code.  A copy of the Confirmation

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    Order and Findings is available upon written request to the undersigned counsel.

2        **NOTICE IS HEREBY FURTHER GIVEN** that the Plan will become Effective on the

3    Effective Date and you will be provided a separate notice of the Effective Date of the Plan.

4        **NOTICE IS HEREBY FURTHER GIVEN** that Section VIII.C. of the Plan contains an

5    injunction that provides as follows:

6        **The Plan is the sole means for resolving, paying or otherwise dealing with Claims and**

7    **Interests. To that end, except as expressly provided in the Plan, at all times on and after the**

8    **Effective Date, all Persons who have been, are, or may be holders of Claims against or**

9    **Interests in the Debtor arising prior to the Effective Date, shall be permanently enjoined**

10   **from taking any of the following actions, on account of any such Claim or Interest, against**

11   **the Debtor, its Estate, or its property (other than actions brought to enforce any rights or**

12   **obligations under the Plan and any adversary proceedings pending in the Case as of the**

13   **Effective Date):**

14       **(i)    commencing, conducting or continuing in any manner, directly or indirectly**

15   **any suit, action, or other proceeding of any kind against the Debtor, its Estate, the OWNIT**

16   **Liquidating Trust, or the Liquidating Trustee, their successors, or their respective property**

17   **or assets; (including, without limitation, all suits, actions, and proceedings that are pending**

18   **as of the Effective Date which shall be deemed to be withdrawn or dismissed with prejudice);**

19       **(ii)    enforcing, levying, attaching, executing, collecting, or otherwise recovering by**

20   **any manner or means whether directly or indirectly any judgment, award, decree, or order**

21   **against the Debtor, its Estate, the OWNIT Liquidating Trust, or the Liquidating Trustee,**

22   **their successors, or their respective property or assets;**

23       **(iii)    creating, perfecting, or otherwise enforcing in any manner, directly or**

24   **indirectly, any lien, security interest or encumbrance against the Debtor, its Estate, the**

25   **OWNIT Liquidating Trust, or the Liquidating Trustee, their successors, or their respective**

26   **property or assets; and**

27       **(iv)    proceeding in any manner in any place whatsoever against the Debtor, its**

28   **Estate, the OWNIT Liquidating Trust, or the Liquidating Trustee, their successors, or their**

1  **respective property or assets, that does not conform to or comply with the provisions of the**

2  **Plan.**

3  Dated:  January __, 2008.

4  Pachulski Stang Ziehl & Jones LLP              Ownit Mortgage Solutions, Inc.

5  By: _____           By: _____
6       Linda F. Cantor                                      John duHadway
     Attorneys for Ownit Mortgage Solutions, Inc.          Its Chief Financial Officer

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

STATE OF CALIFORNIA              )
                                )
COUNTY OF LOS ANGELES           )

    I, Diane H. Hinojosa, am employed in the city and county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California 90067-4100.

    On January 14, 2008, I caused to be served the **[PROPOSED] ORDER CONFIRMING THE "DEBTOR'S THIRD AMENDED PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE"**, in this action by placing a true and correct copy of said document(s) in sealed envelopes addressed as follows:

*See Service List Attached*

☑ **(SERVICE BY MAIL)** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☑ **(SERVICE BY E-MAIL)** I caused to be served the above-described document by means of e-mail to the parties on the attached Service List at the indicated e-mail address.

☐ **(SERVICE BY FAX)** I caused to be transmitted the above-described document by facsimile machine to the fax number(s) as shown. The transmission was reported as complete and without error. (Service by Facsimile Transmission to those parties on the attached List with fax numbers indicated.)

☐ **(SERVICE BY HAND DELIVERY)** By causing to be delivered by hand to the offices of the addressee(s).

☐ **(SERVICE BY OVERNIGHT DELIVERY)** By sending by **[FedEx, DHL, UPS, Express Mail, etc.]** to the addressee(s) as indicated on the attached list.

    I declare that I am employed in the office of a member of the bar of this Court at whose direction was made.

    Executed on January 14, 2008, at Los Angeles, California.

_____
Diane H. Hinojosa

1

2

**Mortgage Solutions, Inc.**
**Official 2002 Service List**

3 **Debtor**
Ownit Mortgage Solutions, Inc.
4 Attn:  William D. Dallas
4360 Park Terrace Drive. Suite 100
5 Westlake Village, CA 91361

6
**Office of the United States Trustee**
7 Jennifer Braun, Esq.
21051 Warner Center Lane. Suite 115
8 Woodland Hills, CA 91367

9
**Counsel to Creditors' Committee**
10 Michael Goldstein, Esq.
Christine Pajak. Esq.
11 Gabriel Glazer, Esq.
Stutman Treister & Glatt
12 1901 Avenue of the Stars, 12th Floor
Los Angeles, CA  90067
13

14 **Special Counsel to Ownit Mortgage**
Jeffrey K. Garfinkle, Esq.
15 Buchalter Nemer
A Professional Corporation
16 18400 Von Karman Ave., Suite 800
Irvine, CA 92612
17

18 **Counsel to Merrill Lynch**
Thomas F. Cooney, III, Esq.
19 Kirkpatrick & Lockhart Nicholson Graham LLP
1601 K Street
20 Washington, DC 20006

21
**Counsel to Merrill Lynch Mortgage**
22 **Capital Inc.**
Andrew S. Clare
23 Lance Jurich
Christina Moore
24 Loeb & Loeb
10100 Santa Monica Blvd. Suite 2200
25 Los Angeles, CA  90067

26

27

28

PACHULSKI STANG ZIEHL YOUNG JONES & WEINTRAUB LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**Counsel to Residential Funding Company, LLC**
Juliana Keaton, Esq.
Stephen Lerner, Esq.
Squire Sanders
555 S. Flower Street, 31st Floor
Los Angeles, CA 90071

M. Freddie Reiss
Amir Agan
F T I
633 West 5th Street, Suite 1600
Los Angeles, CA  90071

**Plaintiffs Amy Eberly, Erin Goodman & Jamie Kirk**
c/o Daniel J. Barness
Spiro Moss Barness LLP
11377 W. Olympic Blvd., 5th Flr.
Los Angeles, CA 90064
daniel@spiromoss.com

**NOTE TO USERS OF THIS FORM:**

*Physically attach this form as the last page of the proposed Order or Judgment.*

*Do not file this form as a separate document.*

| | |
|---|---|
| In re OWNIT MORTGAGE SOLUTIONS, INC., | CHAPTER  11 |
| Debtor. | CASE NUMBER  SV-06-12579-KT |

# NOTICE OF ENTRY OF JUDGMENT OR ORDER
## AND CERTIFICATE OF MAILING

TO ALL PARTIES IN INTEREST ON THE ATTACHED SERVICE LIST:

1.   You are hereby notified, pursuant to Local Bankruptcy Rule 9021-1(a)(1)(E), that a judgment or order entitled *(specify):*   **[[PROPOSED] ORDER CONFIRMING THE "DEBTOR'S THIRD AMENDED PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE"**

was entered on *(specify date):*   JAN 1 7 2008

2.   I hereby certify that I mailed a copy of this notice and a true copy of the order or judgment to the persons and entities on the attached service list on (specify date): JAN 1 7 2008

Dated:   JAN 1 7 2008

JON D. CERETTO
Clerk of the Bankruptcy Court

By: _____
                                    Deputy Clerk

*Rev. 1/01* This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California

DOCS_LA:172105.1

F 9021 -1.1

American LegalNet. Inc.
www.FormsWorkflow.com

SERVICE LIST

Debtor
Ownit Mortgage Solutions, Inc.
Attn: William D. Dallas
4360 Park Terrace Drive, Suite 100
Westlake Village, CA 91361

Office of the United States Trustee
Jennifer Braun, Esq.
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367

Counsel to Creditors' Committee
Michael Goldstein, Esq.
Christine Pajak, Esq.
Gabriel Glazer, Esq.
Stutman Treister & Glatt
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA  90067

Special Counsel to Ownit Mortgage
Jeffrey K. Garfinkle, Esq.
Buchalter Nemer
A Professional Corporation
18400 Von Karman Ave., Suite 800
Irvine, CA 92612

Counsel to Merrill Lynch
Thomas F. Cooney, III, Esq.
Kirkpatrick & Lockhart Nicholson Graham LLP
1601 K Street
Washington, DC 20006

Counsel to Merrill Lynch Mortgage
Capital Inc.
Andrew S. Clare
Lance Jurich
Christina Moore
Loeb & Loeb
10100 Santa Monica Blvd. Suite 2200
Los Angeles, CA  90067

Counsel to Residential Funding Company, LLC
Juliana Keaton, Esq.
Stephen Lerner, Esq.
Squire Sanders
555 S. Flower Street, 31st Floor
Los Angeles, CA 90071

M. Freddie Reiss
Amir Agan
F T I
633 West 5th Street, Suite 1600
Los Angeles, CA  90071

**F 9021 -1.1**

American LegalNet, Inc.
www.FormsWorkflow.com

Plaintiffs Amy Eberly, Erin Goodman & Jamie Kirk
c/o Daniel J. Barness
Spiro Moss Barness LLP
11377 W. Olympic Blvd., 5th Flr.
Los Angeles, CA 90064

Linda F.Cantor
Ira D. Kharasch
Jonathan J. Kim
PACHULSKI STANG ZIEHL JONES & YOUNG LLP
10100 Santa Monica Blvd., Suite 1100
Los Angeles, CA 90067

Rev. 1/01 This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California
DOCS_LA:172105.1

**F 9021 -1.1**

American LegalNet, Inc.
www.FormsWorkflow.com